Frank Revere, Esq. (SBN 32290)
REVERE & WALLACE
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071-1560
Telephone:  (213) 943-1333
Facsimile:  (213) 403-4847
Email:  frank@reverelawfirm.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KAGAN, JUDITH KAGAN, FRANK REVERE, and RACHEL K. REVERE, | CASE NO: _____ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 (DE FACTO PHYSICAL TAKINGS WITHOUT COMPENSATION AND DENIAL OF DUE PROCESS) AND CLAIM FOR ATTORNEY'S FEES UNDER 42 U.S.C. 1988(b)** |
| CITY OF LOS ANGELES, AND CITY OF LOS ANGELES HOUSING + COMMUNITY INVESTMENT DEPARTMENT, | |
| Defendants. | Demand for Jury |

//

//

//

Plaintiffs David Kagan, Judith Kagan, Frank Revere and Rachel K. Revere (Plaintiffs) bring the following Complaint against Defendants, City of Los Angeles (City), and the City of Los Angeles Housing + Community Investment Department  (Housing Department) (collectively City), and allege as follows:

## INTRODUCTION

1.  Plaintiffs are the fee owners of improved real property consisting of a duplex which includes 103 North Orange Drive, Los Angeles, California 90036 (the Property). The Property is rented to Hamid Mossanen (Tenant), a single man, born October 23, 1958, who first occupied the Property during June, 2008. The Property is subject to rent control under the Los Angeles Municipal Code (LAMC). During September 2019, Plaintiffs determined they wished the Property to be occupied by a child, daughter-in-law, and two grandchildren of Frank Revere and Rachel K. Revere and on September 23, 2019, filed the required Declaration to Evict with the Housing Department as required by the LAMC (Application). A true and correct copy of the Application is attached hereto marked "Exhibit A" and is incorporated herein by reference.  On October 28, 2019, the Housing Department, without a hearing and without any opportunity for the Plaintiffs to be heard, and solely based on that Tenant's representations, oral and written, declared in writing (the "Determination") that the Application filed by the Plaintiffs did not meet the requirements of the LAMC and as such the Tenant has *protective status* which prohibits Plaintiffs from seeking to obtain possession of the Property owned by them in fee. A true and correct copy of the Determination is attached hereto as "Exhibit B" and is incorporated herein by reference. City has thereby granted the Tenant the permanent physical occupation of the Property in perpetuity without compensation of any kind to Plaintiffs. This is a physical occupation case where the Defendant has physically intruded upon Plaintiffs' private property by granting authority to another person to do so. *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 421; 102 S.Ct.

REVERE &
WALLACE

COMPLAINT FOR VIOLATIONS OF THE CIVIL
RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.

2

3164, 3166 (1982). By this suit, Plaintiffs seek to recover just compensation for the de facto physical taking of possession of the Property in perpetuity; for the denial of their Fifth and Fourteenth Amendment rights, and for attorney's fees.

## PARTIES

2.  Plaintiffs are individuals residing in the City of Los Angeles, County of Los Angeles, in the Central District of California, and are the owners in fee of the Property which is located in said City and County also designated as Los Angeles County Assessor's Parcel Number 5513-004-015.

3.  Defendant, City is a political sub-division of the State of California organized and existing in accordance with its charter and the laws of the State of California as a Municipal Corporation which has adopted provisions for rent control as appears in the LAMC.

4.  Defendant, Housing Department, is a local public agency with Regulatory authority over rental properties in the City of Los Angeles further to provisions of the LAMC.

## JURISDICTION AND VENUE

5.  This case arises under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. sections 1983 and 1988. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

6.  This court is the appropriate venue for this case pursuant to 28 U.S.C. sections 1391(b)(2). Plaintiffs' property is located in this judicial district, the actions complained of took place in this judicial district, documents and records relevant to the allegations are maintained in this judicial district, and the Defendants are present and conduct their affairs in this Judicial District.

7.  The Plaintiffs' claim is ripe for the reason the LAMC provides no procedure nor opportunity by which Plaintiffs may seek a review, reversal or a variance from the Determination of the Housing Department of October 28, 2019.

REVERE &
WALLACE

COMPLAINT FOR VIOLATIONS OF THE CIVIL
RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.

3

Additionally, Plaintiffs are not now obligated to seek compensation through the procedures established by the State of California for seeking just compensation for the inverse condemnation of the Property and now may proceed to assert their claims in this Court. *Knick v. Township of Scott*, 139 S.Ct. 2162, 2167 (2019)

The elements of the Plaintiffs' claims for relief are (1) Did the Defendants actions amount to a taking?; (2) Did the taking advance a legitimate governmental interest?; and, (3)Was just compensation paid? *Hall v. City of Santa Barbara*, 797 F.2d 1493, 1497 (9th Cir. 1986)

8.  Standing

Plaintiffs have established the constitutional minimum for standing in that the Plaintiffs have alleged (1) injury in fact; (2) traceable to the conduct of the City; and, (3) the likelihood of being redressed by a favorable Determination. *Lujan v. Defenders of Wildlife*, 504 U.S. 555; 112 S. Ct. 2130 (1992); *Washington Environmental Council v. Bellon,* 732 F.3d 1131, 1139 (9th Cir. 2013)

## STATEMENT OF FACTS

9.  The Property

The Property which is owned by the Plaintiffs consists of an upstairs duplex unit comprising 2,400 square feet divided into living room, dining room, three bedrooms, two baths, garage, storeroom, one parking space, and a private yard area all of which is being occupied solely by an unemployed single man who currently pays a monthly rent of $4,545. The Property is legally described as Lot 213 of Tract No. 8498, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 95, Pages 53 to 55 inclusive of Maps, in the Office of the County Recorder of said County. Except therefrom all oil, gas, minerals and other hydrocarbon substances, lying below a depth of 500 feet, without the right of surface entry. Plaintiffs purchased the Property on June 23, 2015 for the sum of $2,163,320.00.

REVERE & WALLACE

COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.

4

10. The Ordinance

Effective September 16, 1990, the City adopted a Rent Stabilization Ordinance based on the following Declaration of Purpose:

> *"There is a shortage of decent, safe and sanitary housing in the City of Los Angeles resulting in a critically low vacancy factor. Tenants displaced as a result of their inability to pay increased rents must relocate but as a result of such housing shortage are unable to find decent, safe and sanitary housing at affordable rent levels. Aware of the difficulty in finding decent housing, some tenants attempt to pay requested rent increases, but as a consequence must expend less on other necessities of life. This situation has had a detrimental effect on substantial numbers of renters in the City, especially creating hardships on senior citizens, persons on fixed incomes and low and moderate income households. This problem reached crisis level in the summer of 1978 following the passage of Proposition 13. At that time, the Council of the City of Los Angeles conducted hearings and caused studies to be made on the feasibility and desirability of various measures designed to address the problems created by the housing shortage. In August, 1978, pending development and adoption of measures designed to alleviate the City's housing crisis, Council adopted Ordinance No. 151,415 which temporarily rolled back recently imposed rent increases, and prohibited most rent increases on residential rental properties for six months. Ordinance No. 151,415 expires on April 30, 1979. This ordinance has successfully reduced the rate of rent increases in the City, along with the concomitant hardships and displacements. However, a housing shortage still exists within the City of Los Angeles and total deregulation of rents at this time would immediately lead to widespread exorbitant rent increases, and recurrence of the crisis, problems and hardships which existed prior to the adoption of the moratorium measure. Therefore, it is necessary and reasonable to regulate rents so as to safeguard tenants from excessive rent increases, while at the same time providing landlords with just and reasonable returns from their rental units. In order to assure compliance with the provisions of this chapter violations of any of the provisions of this chapter may be raised as affirmative defenses in unlawful detainer proceedings. (Amended by Ord. No. 166,130, Eff. 9/16/90.)"*

REVERE & WALLACE

COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.

5

11. The Takings

On or about September 23, 2019, Plaintiffs, Frank Revere and Rachel K. Revere, with the consent of the remaining Plaintiffs and in compliance with the Ordinance, filed a Declaration of Intent to Evict Tenant for Landlord Occupancy (the Application – Exhibit A). The Tenant who had resided on the Property for more than ten years as of this time and who was then under 62 years of age, filed objections claiming residence for more than ten years and disability. On October 28, 2019, City advised counsel for Plaintiffs in writing (the Determination Exhibit B) that the Application was denied as the Tenant has protective status as defined by the Ordinance, section 151.30.D.1. Said section provides:

"*Tenants Eligible for Termination of Tenancy.*

*1. Protected tenants. A landlord may not recover possession of a rental unit pursuant to the provisions of Subdivision 8. of Subsection A. of Section 151.09 if:*
*(a) any tenant in the rental unit has continuously resided in the rental unit for at least ten years, and is either: (i) 62 years of age or older; or (ii) disabled as defined in Title 42 United States Code Section 423 or handicapped as defined in Section 50072 of the California Health and Safety Code; or*
*(b) any tenant in the rental unit is terminally ill as certified by a treating physician licensed to practice in the State of California.*"

12. The Determination was made without a hearing being conducted, without any notice to the Plaintiffs, without giving Plaintiffs an opportunity to be heard and was based on the existence of a ten year tenancy and a claim of disability which facts evidence the City's intent to take the Property without regard to Plaintiffs wishes or objections.  As a result, there has been a permanent physical occupation resulting in a taking of the Plaintiffs' Property for a public purpose without compensation in violation of the Takings Clause set forth in the Fifth Amendment to the U.S. Constitution.

13. The Claim

REVERE &
WALLACE

COMPLAINT FOR VIOLATIONS OF THE CIVIL
RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.

6

On January 8, 2020, Plaintiffs, further to California Government Code section 915 *et seq.*, electronically presented a claim (Claim) to City demanding compensation for the taking of the Property.  A true and correct copy of the Claim is attached hereto as Exhibit C and is incorporated herein by reference. On January 13, 2010, the City electronically acknowledged receipt of the Claim and advised it had assigned claim number C20-03548 to it. The Claim has not acted timely and is deemed rejected.

<u>FIRST CLAIM FOR RELIEF</u>

(VIOLATION OF THE TAKINGS CLAUSE OF THE

FIFTH AMENDMENT TO THE UNITED STATES

CONSTITUTION/42 U.S.C. §1983)

(BY PLAINTIFFS AGAINST ALL DEFENDANTS)

14. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15. By awarding exclusive possession to Tenant for his life if he so wishes without deference to Plaintiffs' fee title and right to possession, City has taken Plaintiffs' Property for the public purpose of addressing the housing shortage without paying Plaintiffs any compensation. In particular, as the U.S. Supreme Court explained in a June 2019 opinion "a taking without compensation violates the self-executing Fifth Amendment at the time of the taking," and thus the constitutional violation takes place when property is taken without compensation, not after the exhaustion of state court remedies. (*Knick v. Township of Scott*, 139 S. Ct. 2162, 2172 (2019)) The Takings Clause Provisions of the Fifth Amendment state:

> *"No person shall be deprived of property without due process of law nor shall private property be taken for public use, without just compensation."* U.S. Constitution, Fifth Amendment.

REVERE &
WALLACE

7

COMPLAINT FOR VIOLATIONS OF THE CIVIL
RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.

16. The purpose of the Takings Clause is to "bar [] Government from forcing some people alone to bear the public burdens which, in all fairness and justice should be borne by the public as a whole." *Lingle v. Chevron Corp.*, 544 U.S. 528, 537 (2005) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960))

17. By virtue of the takings alleged herein, Plaintiffs have been damaged in an amount not yet ascertained, but in excess of $1,250,000. In addition, Plaintiffs have incurred and will continue to incur attorney's fees, appraisal, and other expert fees for the prosecution of this action.

<u>SECOND CLAIM FOR RELIEF</u>

(VIOLATION OF THE DUE PROCESS CLAUSE

OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES

CONSTITUTION/42 U.S.C. §1983)

(BY PLAINTIFFS AGAINST ALL DEFENDANTS)

18. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19. The enforcement of the Ordinance and the rendering of the Determination violated Plaintiffs substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property without due process of law."

20. As Plaintiffs were expressly denied a constitutionally adequate hearing on their Application to obtain possession of the Property for family purposes, they have been unjustifiably prevented from the use and occupation of the Property without the required due process in violation of the Fourteenth Amendment of the United States Constitution.

//

//

REQUESTED RELIEF

WHEREFORE, Plaintiffs, pray for judgment against the Defendants, and each of them, as follows:

1.  For a determination that the actions of the City have resulted in Civil Rights Act violations in that the City has de facto physically taken Plaintiffs' right to possession of the Property without compensation;

2.  For compensation and damages against City in an amount according to proof, with interest on that amount at the appropriate legal rate from October 28, 2019;

3.  For costs, including but not limited to reasonable attorney's fees incurred in this action pursuant to 42 U.S.C. §1988 and other applicable law; and,

4.  For any and all other relief as the Court deems just and proper.


DATED: June 22, 2020                    REVERE & WALLACE



                                        /S/_____
                                        Frank Revere
                                        Attorney for Plaintiffs


DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial in this action on all issues so triable.


DATED: June 22, 2020                    REVERE & WALLACE



                                        /S/_____
                                        Frank Revere
                                        Attorney for Plaintiffs

REVERE & WALLACE

9

COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983 ETC.